## PIONEER TELEPHONE & TELEGRAPH CO. v. STATE *et al.*

### No. 1918. Opinion Filed July 29, 1913.

### (134 Pac. 398.)

**TELEGRAPHS AND TELEPHONES — Duty to Furnish Connection and Service to Local Company—Corporation Commission.** G. C. R. T. Company owns and operates a local exchange at P. for hire. P. T. & T. Company owns and operates a local exchange also at P., for hire. Said P. T. & T. Company owns and operates in and through P. a long-distance toll line. **Held,** that said P. T. & T. Company must receive and transmit G. C. R. T. Company's long-distance messages for a reasonable and just compensation, without delay or discrimination, and make physical connection with its local exchange, under such reasonable rules and regulations, for the purpose of transmitting to it over its line long-distance messages, as may be prescribed by the Corporation Commission.

(Syllabus by the Court.)

*Appeal from the State Corporation Commission.*

Proceedings before the Corporation Commission by the State and another against the Pioneer Telephone & Telegraph Company. From an order of the commission, the latter appeals. Modified and affirmed.

*Edward P. Meany, S. H. Harris, Hunt Chipley, H. E. Asp,* and *J. R. Spielman,* for appellant.

*Chas. West,* Atty. Gen., and *Chas. L. Moore,* Asst. Atty. Gen., for appellees.

WILLIAMS, J.  The appellee, the Grant County Rural Telephone Company, is a corporation organized and formed to own "a telephone system for the benefit of the public." It maintains a local telephone exchange in the city of Pond Creek, by virtue of an ordinance passed on March 14, 1907. Said ordinance is in part as follows:

"Section I.  That the rights and privileges be and the same is hereby granted to the Grant County Rural Telephone Company, of Pond Creek, Oklahoma Territory, a corporation duly organized under the laws of Oklahoma to use the streets, alleys and public grounds of the city of Pond Creek for the erection and maintenance of poles, guys, leads and causeways for wires for the erection, maintenance and operation of a complete telephone system.            \

"Sec. II.  The said Grant County Rural Telephone Company, its successors, or assigns, shall erect its poles, guys, leads and causeway in conformity with the requirements of the city ordinances regulating the erection of telephone poles and leads now in force or of which may hereafter be enacted, and the Grant County Rural Telephone Company, its successors, or assigns shall enjoy equal rights and privileges with any other like corporation holding a similar franchise, provided the Grant County Rural Telephone Company, its successors, or assigns, in erecting its poles and stringing its wires shall carry said wires over and above said wires of any other line or lines already being operated or maintained in said city at a sufficient distance not to interfere with the use and service of the same. * * *"

"Sec. V.  The Grant County Rural Telephone Company, their successors, or assigns, shall admit to its leads a switch board, rural lines, business phones and residence phones from all applicants offering the regular subscription rates, and the subscribers to each class of phones have the same terms and services as any other subscriber of the same class and shall be governed by the same rules and regulations of said company.

"Sec. VI. The Grant County Telephone Company, their successors or assigns, shall obey all ordinances of the city now in force or that may hereafter be enacted for the government, regulation and control of telephone companies and telephone systems, operating in said city. * * *"

Obviously the appellee (the Grant County Rural Telephone Company) in operating under said charter and said franchise is a public service corporation (section 34, article 9 [section 252, Williams' Ann. Const. Okla.], of the Constitution of this state), and said company also constitutes a "transmission company," as the term is used in article 9 of said Constitution. Also, under the evidence as disclosed by the record, said company is operated for hire, and subject to the jurisdiction of the Corporation Commission. *Hine v. Wadlington*, 26 Okla. 389, 109 Pac. 301; *Twin Valley Telephone Co. v. Mitchell*, 27 Okla. 388, 113 Pac. 914, 38 L. R. A. (N. S.) 235, Ann. Cas. 1912C, 582; *C., R. I. & P. R. Co. v. State et al.*, 24 Okla. 370, 103 Pac. 617, 24 L. R. A. (N. S.) 393; *St. L. & S. F. R. Co. v. Newell*, 25 Okla. 502, 106 Pac. 818.

Section 4, article 9 (section 221, Williams' Ann. Const. Okla.), of the Constitution of this state provides:

"All telephone and telegraph lines, operated for hire, shall each respectively, receive and transmit each other's messages without delay or discrimination, and make physical connections with each other's lines, under such rules and regulations as shall be prescribed by law, or by any commission created by this Constitution, or any act of the Legislature, for that purpose."

This language is mandatory, the only limitation being that the rules and regulations, as prescribed by the commission, shall be reasonable and just. The appellee being not only a public service corporation, but also a transmission company, operated for hire, is subject to the jurisdiction of the Corporation Commission, and may be required to keep its line and switchboards and facilities in such condition as to afford its patrons, including the connecting long-distance lines, proper service.

The obligations are thus reciprocal; it being the duty of the appellant to furnish the said appellee proper service for a just and reasonable compensation. The question is not presented as to competitors in the same line of business, to wit, two rival exchanges, furnishing local service to their subscribers. The question here is whether the appellant, being engaged in furnishing long-distance service as a public service corporation, is to be required to furnish long-distance service to the local exchange that is not engaged in a toll line or long-distance business. This question is before this court just as if the Pioneer local exchange in Pond Creek and the Pioneer as a long-distance line were two separate entities. If that were not true, then a long-distance company, by establishing local exchanges at every town in the state, could thus nullify this provision of the Constitution and avoid furnishing service to any local exchange other than one owned by it. Obviously such was never contemplated in the framing of the Constitution of this state.

Section 32 of the Bill of Rights (section 40, Williams' Ann. Const. Okla.) of the Constitution of this state provides:

"* * * Monopolies are contrary to the genius of a free government, and shall never be allowed. * * *"

Section 58, article 5 (section 147a, Williams' Ann. Const. Okla), of the Constitution of this state provides:

"An emergency measure shall include only such measures as are immediately necessary for the preservation of the public peace, health, or safety, and shall not include the granting of franchise or license to a corporation or individual, to extend longer than one year. * * *"

Section 47, article 9 (section 264, Williams' Ann. Const. Okla.), of the Constitution of this state provides:

"The Legislature shall have power to alter, amend, annul, revoke or repeal any charter of incorporation or franchise now existing and subject to be altered, amended, annulled, revoked, or repealed at the time of the adoption of this Constitution, or any that may be hereafter created, whenever in its opinion

it may be injurious to the citizens of this state, in such manner, however, that no injustice shall be done to the incorporators."

Section 7, article 18 (section 339, Williams' Ann. Const. Okla.), of the Constitution of this state provides: "* * * And no exclusive franchise shall ever be granted."

The appellant being a domestic corporation, all of these provisions of the Constitution automatically become a part of its charter. *Noble State Bank v. Haskell,* 22 Okla. 48, 97 Pac. 590; *M. O. & G. R. Co. v. State et al.,* 28 Okla. 115, 113 Pac. 930; *Hammond Packing Co. v. Arkansas,* 31 Ark. 519, 100 S. W. 1199, 126 Am. St. Rep. 1047; 212 U. S. 322, 29 Sup. Ct. 370, 53 L. Ed. 530, 15 Ann. Cas. 645; *Ozan Lumber Co. v. Biddle,* 87 Ark. 587, 113 S. W. 796; *Leep v. Ry. Co.,* 58 Ark. 407, 25 S. W. 83, 23 L. R. A. 264, 41 Am. St. Rep. 109; *Union Saw Mill Co. v. Felsenthal,* 85 Ark. 346, 108 S. W. 217; *Arkansas Store Co. v. State,* 94 Ark. 27, 125 S. W. 1001, 27 L. R. A. (N. S.) 255, 140 Am. St. Rep. 103; *New York Cent. & H. R. R. Co. v. Williams,* 199 N. Y. 108, 92 N. E. 404, 35 L. R. A. (N. S.) 549, 39 Am. St. Rep. 850.

When the appellant was chartered as a corporation, section 932, Wilson's Rev. & Ann. Sts. 1903 (Rev. Laws 1910, sec. 1211), was in force, which provided: "Every grant of corporate power is subject to alteration, suspension or repeal, in the discretion of the Legislature"—and, except as it may be locally inapplicable or repugnant to our Constitution, is still in force. Section 1, Schedule (section 364, Williams' Ann. Const. Okla.) to the Constitution; section 47, art. 9, Const., *supra; Noble State Bank v. Haskell et al., supra.*

It follows that the order of the commission is modified to the extent that physical connection shall be afforded said appellee by the appellant, the appellee to pay the cost of such appliances, and the installing of the same, as may be necessary for such connection, the appellant to transmit messages over its long-distance line for a reasonable charge,

which is to be, until otherwise ordered by the commission, the same charge as now made to other patrons for like service.

The order as modified will be affirmed.

HAYES, C. J., and KANE and TURNER, JJ., concur; DUNN, J., absent; and not participating.