CITY OF MILBANK et al., Respondents, v. DAKOTA CEN-TRAL TELEPHONE COMPANY et al., Appellants.

(159 N. W. 99.)

(File No. 3982.    Opinion filed August 29, 1916.)

1. **Telegraphs and Telephones—Physical Connection of Exchanges—Municipal Petition, Jurisdiction of Railroad Commissioners to Entertain—Parties—Statutes.**

The State Board of Railroad Commissioners is not confined, in its jurisdiction over applications for the physical connection of two telephone exchanges, to petitions initiated by telephone companies, but may act upon complaint of any person or corporation having an interest in the relief sought; and a proceeding was properly initiated by a municipal corporation, to require such connection of exchanges, under Laws 1911' Chap. 218, Sec. 5, and other statutory provisions.

2. **Constitutional Law—Due Process—Connection of Telephone Exchanges, as Eminent Domain—Analogy to Railroad Commission's Powers—Regulatory Power, or Police Power.**

To enforce the physical connection of telephone exchanges, in order to facilitate transmission of messages, so that a subscriber to a local exchange could transmit and receive long-distance messages over another company's wires, and therefore to advance the purpose for which public service franchises are granted, is not an exercise of power of eminent domain, but is analogous to power exercised by a Railroad Commission in ordering connecting switches between competing railways; it is a mere regulation of a public service corporation, if not un-

der an implied power resulting from the nature of the corporate franchise, then under the police powers of the state.

3.   **Appeals—Review, Scope of—Findings, as Basis for Conclusions, Necessity of Procuring, Below.**

A party desiring to urge unconstitutionality of an order of Railroad Commissioners requiring physical connection of telephone exchanges as destroying its business, should have introduced evidence in trial court, and then have procured findings of fact upon which to base its contentions.

4.   **Appeals—Error—Scope of Review—Connecting Telephone Exchanges—Appellate Enlarged Relief on Adequate Findings, Beyond Pleadings.**

The Supreme Court on appeal is not justified in granting relief not sought under the pleadings, merely because findings of fact upon which the appeal rests were such as would have justified the relief now sought, provided the parties were entitled thereto under their pleadings.

Appeal from Circuit Court, Grant County.   Hon. Joseph H. Bottum, Judge.

Proceeding by the City of Milbank and another, against the Dakota Central Telephone Company and another, before the Board of Railway Commissioners, to require physical connection between the Grant County Telephone Company and the Dakota Central Telephone Company.   From a judgment of the Circuit Court virtually affirming an order of the Board of Railroad Commissioners requiring such connection to be made, the defendant Dakota Central Telephone Company appeals.   Affirmed, with directions.

*Null & Royhl,* for Appellant.

*Thad. L. Fuller* and *H. G. Fuller,* for Respondents.   *P. W. Dougherty,* and *Oliver E. Sweet,* Assistant Attorney General for Board of Railroad Commissioners.

(1)   To point one of the opinion, Appellant cited: Laws 1911, Chap. 218, Secs. 8, 9.

Respondents City of Milbank, and the Milbank Commercial Club, cited: Laws 1909, Chap. 289, Secs. 2, 7, 8; Laws 1911, Chap. 207, Secs. 2, 16; Laws 1915, Chap. 262; 30 Cyc. pp. 30, 35.

(2)   To point two of the opinion, Appellant cited: Billings Mutual Telephone Company v. Rocky Mountain Bell Telephone Co. 155 Fed. 207 at 211; Foster v. Scott, 136 N. Y. 577; Home Telephone Company v. People's Telephone & Telegraph Company, 125 Tenn. 270, 141 S. W. 845 (1911); Lewis on Eminent Do-

main, 3rd Ed. Sec. 423; Wyman, on Public Service Corporations, 4th Ed. Sec. 698; Dillon on Municipal Corporations, 4th Ed., Sec. 727.

Respondents, City of Milbank, and The Milbank Commercial Club cited: Const. Art. 6, Sec. 13; Art. 17, Sec. 4. 8 Cyc. 874. Atlantic, etc., Railroad Company v. State, 89 American State Reports, 233, at page 236; Pond on Public Utilities, Sec. 554; Pacific Teleg. & Teleph. Co. v. the Wright-Dickinson Hotel Co., 214 Fed. 669; Note to Pacific Teleg. & Teleph. Co. v. Eshleman, 50 L. R. A. (N. S.) 656; Wisconsin M. & P. Co. v. Jacobsen, 179 U. S. 288; Grand Trunk R. Co. v. Michigan R. Commission, 231 U. S. 457; Pioneer Telephone and Telegraph Company v. Grant County Rural Telephone Company, 119 Pac. 969; Pacific Telephone & Telegraph Co. v. Eshleman et al., reported in 50 L. R. A. (N. S.) page 652; Pacific Telephone and Telegraph Company v. Wright-Dickson Hotel Company et al., 214 Fed. 666.

WHITING, J. The Dakota Central Telephone Company is a corporation carrying on a long-distance telephone business in territory including the city of Milbank, S. D., and having a local exchange in the city of Milbank. The Grant County Telephone Company has a local exchange at the city of Milbank. The local exchanges of these two companies not being connected, and therefore subscribers of the latter company being required to resort to the exchange or some local phone of the first company in order to send long-distance messages over its lines, this proceeding was initiated before the Board of Railroad Commissioners of this state to require the physical connection of the two exchanges, to the end that a subscriber of the Grant County Company could, through the medium of the wires of such company, transmit and receive long-distance messages over the other company's wires. After a hearing, the Board of Railroad Commissioners issued its order requiring such connection to be made at the expense of the Grant County Company. From such order the Dakota Central Company took an appeal to the circuit court, where a trial was had and findings of fact and judgment rendered; the judgment being a virtual affirmance of the order of the Board of Railroad Commissioners. From such judgment an appeal has been taken to this court.

[1] Appellant contends that the Board of Railroad Com-

missioners were without jurisdiction to grant any relief in this proceeding. It bases this contention upon the ground that this proceeding was not initiated by any telephone company, and that, under the express provisions of the statutes of this state, such proceedings can only be initiated by a telephone company desiring connection with another company. It is unnecessary and would serve no useful purpose to quote the various provisions of our statute, but from a consideration of the same we are led to the opinion that the Board of Railroad Commissioners has a right to act upon the complaint of any person or corporation having an interest in the relief sought, and that therefore this proceeding was initiated by proper parties. To hold otherwise would destroy the efficiency of our statutes. When both companies desire connection, the power of the law is not needed. When neither company desires it, the public would be helpless. It would only be where one company seeks an advantage at the expense of the other that the power of the state would be invoked.

[2] Appellant contends that the effect of making the connection ordered would be to deprive it of its property without due process of law; that to require it to connect its local exchange with that of another company, and by so doing give the patrons of such other company a right to the use of its wires for long-distance service, is the exercise of the power of eminent domain; and that our Constitution prohibits the taking of property under such power without compensation therefor paid in advance. We are satisfied that the connecting of telephone exchanges, in order to facilitate the transmission of messages, and therefore advance the purpose for which the public service franchises are granted, is not an exercise of the power of eminent domain, but is entirely analogous to the power exercised by a Railroad Commission in ordering connecting switches between competing lines of railway; that, instead of being an exercise of power of eminent domain, it is a mere regulation of a public service corporation, if not under an implied power resulting from the nature of the franchise enjoyed by the corporation, then under the police powers of the state. Pacific Tel. & Tel. Co. v. Wright-Dickinson Hotel Co. (D. C.) 214 Fed. 666; Pioneer Tel. & Tel. Co. v. State, 38 Okl. 554, 134 Pac. 398; M. & P. R. Co. v. Jacobson, 179 U. S. 287, 21 Sup. Ct. 115, 45 L. Ed. 194, affirming Jacobson

v. Wis. M. & P. R. Co., 71 Minn. 519, 74 N. W. 893, 40 L. R. A. 389, 70 Am. St. Rep. 358; Notes, 50 L. R. A. (N. S.) 652-659.

[3] In discussing this contention the appellant has laid great stress upon what it claims will be the necessary results flowing from the connection ordered, and argues that, from the situation of these two companies—the comparative amount of local exchanges, etc.—the result of such connection will be to destroy the Dakota Central Company's local business at Milbank. We are not convinced that appellant is correct in its conclusion, nor that such fact would be controlling herein. In order to arrive at such conclusion, appellant has assumed the existence of many facts not stated by the findings herein, many of which this court could not take judicial notice of, being matters the peculiar subject of expert knowledge. If it were desired to urge such matters before this court, it would have been well for appellant to have introduced evidence to support its assertions, and then to have procured proper findings of fact upon which to base its contention. The facts found by the trial court fully justify the judgment of such court.

[4] It will be seen that the application was for connection so that the patrons of the local exchange of the Grant County Company could have the use of the long distance or toll system of the Dakota Central Company. The application filed herein did not seek a connection making the exchanges intercommunicating so far as the local business of such exchanges was concerned. Appellant contends that, if the connection is ordered at all, it should be required to be such as to render the two exchanges intercommunicating for all purposes. From the findings of fact made by the trial court it would seem that no good reason exists why such a connection should not be made; but the evidence submitted, upon which these findings depend, was submitted upon the issues raised by the application and answers herein. The Dakota Central Company did not seek the relief now prayed for, which they might readily have done, either in the original answer or in an amended answer submitted in time, so that the other parties hereto might have had opportunity to offer such testimony, if any, as would be material under the changed issues. It is impossible for us to say that facts could not and would not have been shown to the Railroad Commissioners and to the circuit court such as would

have justified such commission and such court in refusing the relief now sought by appellant. We do not think that this court would be justified in granting relief not sought under the pleadings herein, merely because the findings of fact upon which this appeal rests were such as would have justified the relief now sought, provided the parties were entitled thereto under their pleadings.

The judgment appealed from is therefore affirmed; but such judgment shall in no manner prejudice the right of the appellant to apply to the Railroad Commission for the relief now sought in this court. To that end the appellant may, within 30 days from the date of the filing of our remittitur in the trial court, apply to the Railroad Commission for an order allowing it to amend its answer herein, and through such amendment to seek such relief in the present proceeding, or, at its election, it may seek such relief at any time in another proceeding.