## PIONEER TEL. & TEL. CO. v. STATE and HENDRICKS.

No. 8023—Opinion Filed Jan. 20, 1920.

(Syllabus by the Court.)

1. **Telegraphs and Telephones—Mechanical Connection of Telephone Lines—Rights.**

The right of one telephone company to connect its lines with that of another company, given under section 5, art. 9, of the Constitution, implies a mechanical union of the lines so as to admit of the convenient passage of messages from one to the other, but does not include the right to compel business intercourse between two competing companies to the detriment of either. The purpose is to establish and maintain means for a continuous transmission of messages for the benefit and convenience of the public.

2. **Same—Competing Lines—Powers of Corporation Commission.**

The Corporation Commission is without authority to arbitrarily require a telephone company to permit connection between its lines and the lines of the company competing with it locally, at such points as may be directed by the competitor, and for the routing of its messages over the lines of the competing company to points reached by its lines, under rules and regulations which are unfair and which work a detriment to such company.

3. **Same — Constitutional Law — Eminent Domain—Police Power.**

An order of the Corporation Commission requiring a telephone company having both long-distance and local lines to permit a physical connection to be made between its lines and the lines of a company competing with it locally, and the routing of messages over its lines and the lines of its competitor, in the manner to be designated by such competitor, with no provision for compensation being first made, constitutes a taking of such company's property without compensation, in violation of the Constitution, such order being an exercise of the power of eminent domain, and not of the police power of the state.

Appeal from order of Corporation Commission.

From an order of the Corporation Commission requiring the Pioneer Telephone & Telegraph Company to make physical connection between its telephone lines and the telephone lines of E. H. Hendricks, the Pioneer Company appeals. Reversed, with directions to dismiss the complaint.

S. H. Harris, Claude Nowlin, and J. R. Spielman, for plaintiff in error.

S. P. Freeling, Atty. Gen., J. B. Harrison, Asst. Atty. Gen., and Paul A. Walker, of Counsel for Corporation Commission, for defendants in error.

OWEN, C. J. On complaint of E. H. Hendricks, the Corporation Commission made an order requiring the Pioneer Telephone & Telegraph Company to make physical connection between its lines and the lines owned and operated by Hendricks at such point, or points, as might be directed by Hendricks for routing of telephone messages originating in the exchange of said Hendricks; directing the Pioneer Company to permit Hendricks to direct the points of connection between his lines and the lines of the Pioneer Company and the routing of calls originating in his exchange.

The question for determination is whether the order is reasonable and just. The Pioneer Company contends that it is unjust and unreasonable, and amounts to the taking of its private property without compensation, in violation of sections 7, 23, and 24 of article 2 of the Constitution. In support of the order, it is contended that section 5, art. 9, of the Constitution requires a physical connection of the lines and the transmission of messages by the Pioneer Company. This section provides:

"All telephone and telegraph lines, operated for hire, shall each, respectively, receive and transmit each other's messages without delay or discrimination, and make physical connections with each other's lines, under such rules and regulations as shall be prescribed by law, or by any commission created by this Constitution, or any act of the Legislature, for that purpose."

This section has been held mandatory in requiring physical connections of the lines, the only limitation being that rules and regulations, prescribed by the commission, shall be reasonable and just. Pioneer T. & T. Co. v. State and Darnell, 71 Oklahoma, 177 Pac. 580; Pioneer T. & T. Co. v. State, 38 Okla. 554, 134 Pac. 398.

In the instant case it appears it was not a mere physical connection of the lines that was requested and ordered, but a routing of the messages. Hendricks owned and operated a toll-line connection and exchange at Comanche, and an exchange at Addington; the Pioneer Company owned and operated a toll line between Duncan and Waurika, passing through Comanche and Addington, and also a toll line between Duncan and Comanche. The Pioneer Company refused to accept messages routed from Addington to Duncan, by way of Hendricks' line to Comanche, but instead sent calls for Duncan, originating at Addington, south over its own lines to Waurika, thence to Duncan. The relief prayed is that the Pioneer Company be compelled to permit the routing of messages north from Addington, and to put through such calls over Hendricks' toll lines and connect impartially and with dispatch. The four towns are situated in the following order, north to south: Duncan, Comanche, Addington, Waurika. They are from six to ten miles apart. The Addington exchange is owned by the Jefferson County Telephone Company. When a subscriber desired to talk to Duncan from Addington, the Pioneer Company would not accept the call by the way of Comanche, over the Hendricks line from Addington to Comanche. The Addington subscribers made no complaint because of this refusal to route the calls, but it appears, in some instances, stated to Hendricks they preferred to use his line. There was no complaint of the routing given such subscribers, except the complaint made by Hendricks, a competitor of the Pioneer Company. There is no proof that the service rendered by the Pioneer Company, in such instances and in such routing, had been unsatisfactory, or that there was any additional toll or expense to the subscribers in sending calls so routed. The controversy merely amounts to a complaint by Hendricks that his competitor has refused to hold its long-distance facilities at his disposal, thereby keeping him from participating in the profits of such calls. The question of adequate or satisfactory service to the public is not, in any way, involved. The principles of law involved are similar to those in Pioneer Telephone & Telegraph Company v. State and Darnell, supra, but the facts are different.

In that case it was the subscribers complaining, and while the order was affirmed, in ordering a physical connection of the lines, the case was reversed because the rules and regulations under which the connection was ordered were held to be unreasonable. In that case it was said:

"The language of the Constitution requiring a physical connection of the lines is mandatory, but it follows, naturally, that such connection must be made so as not to de-

stroy property rights, and so as to be reasonable and just to both companies.

"The right of one telephone company to connect its lines with that of another company implies no more than a mechanical union of the lines, so as to admit of the convenient passage of messages from one to the other, and does not include the right to compel business intercourse between two competing companies to the detriment of either company. The lines are to be connected, not the companies, and the purpose is to establish and maintain means for a continuous transmission of messages for the benefit and convenience of the public.

"It was never intended by this section to compel two companies, competing for the same business, to make such physical connection between their lines and exchanges as would permit one company to have the benefit and use of the equipment and system of the other, to its detriment and a discrimination against its subscribers. On the contrary, it was meant to require such a mechanical union of the lines as would constitute a continuous transmission of the messages for the public convenience, and without destroying the property rights of either company. A connection, under rules and regulations that amount to the destruction of property, or that works a discrimination against the subscribers of either exchange, would amount to the taking of property without due process of law. The state, of course, has the power to take private property for public use under its rights of eminent domain; but this can only be done for a fair consideration. The section of the Constitution contemplates the physical connection and the regulation of such union under the police powers of the state."

The order before us requires, not merely a connection of the lines, but a connection of the companies. Its effect is not to establish and maintain means for the continuous transmission of messages for the benefit and convenience of the public. Here we have two companies competing for the same business, required to make such physical connection between their lines and exchanges as would permit one company to have the benefit and use of the equipment and system of the other to its detriment. This connection would amount to the taking of property without due process of law.

In the case of Pacific Tel. & Tel. Co. v. Eshleman, 166 Cal. 640, 137 Pac. 1119, the Supreme Court of California reversed an order of the commission of that state, requiring physical connection of the telephone companies, where the facts were similar to the facts here, holding that to require such connection between the long-distance lines and the local lines of the company competing for such business, both local and long distance, with no provision for compensation first being made, the only compensation provided

for being an apportionment of tolls, constitutes a taking of such company's property, without compensation, and in violation of the Constitution; that such order was an exercise of the powers of eminent domain, and not of the police powers. In that case one company was ordered to transmit the calls of the other company in such manner as would enable the subscribers to have the long-distance service of the complaining company through the local exchange of the other company. In disposing of the case it was said:

"It is not an order that the Pacific Company should develop and extend its service to meet the existing demands of the public, * * * an order which would certainly in its nature be regulatory, and a compliance with which would meet every possible demand which the public could rightly urge. But it is an order compelling the Pacific Company to permit a connection between its long-distance lines and the local lines of the petitioning companies, under which, by the use of the switch-boards, operators, and lines of the Pacific Company, its property and its agencies, the petitioning companies and their subscribers should have the same rights to all the long-distance instrumentalities of the Pacific Company as its subscribers and patrons. That the order is not primarily designed to benefit the public is made plain from the fact that it is not an order directing the Pacific Company to make betterments and extensions for the service of the public. * * * That it is primarily designed to benefit the rivals of the Pacific Telephone and Telegraph Company in the local business of the two companies is plain from a consideration of the circumstances. * * * It would appear, therefore, that it is not the necessities of the public, but the necessities of and benefits to the rival companies, which have prompted an order devoting the property of the Pacific Company to the uses of the rival companies."

The order of the Corporation Commission is reversed, and the cause remanded, with directions to dismiss the complaint.

KANE, RAINEY, JOHNSON, and McNEILL, JJ., concur.